NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| AZCO CORP., | : | **Hon. Dennis M. Cavanaugh** |
|  | : |  |
| Plaintiff, | : | **OPINION** |
|  | : |  |
| v. | : | Civil Action No. 2:12-cv-02872 (DMC-JAD) |
|  | : |  |
| DIAGNOSTIC DEVICES, INC., | : |  |
|  | : |  |
| Defendant. | : |  |
|  | : |  |
|  | : |  |
|  | : |  |

DENNIS M. CAVANAUGH, U.S.D.J.

This matter comes before the Court upon motion by Defendant Diagnostic Devices, Inc. ("DDI" or "Defendant") to dismiss Plaintiff Azco Corp.'s complaint ("Azco" or "Plaintiff"), pursuant to FED. R. CIV. P. 12(b)(3). Pursuant to FED. R. CIV. P. 78, no oral argument was heard. After considering the submissions of all parties, it is the decision of this Court, for the reasons herein expressed that Defendant' Motion to Dismiss is **granted**.

I.      **BACKGROUND**[1]

A.      **STATEMENT OF THE CASE**

This case arises out of a contract dispute between DDI, a North Carolina corporation, and Azco, a New Jersey corporation, over the sale of three industrial slitting machines (the "Equipment"). DDI and Azco entered into an Equipment Purchase Agreement ("Purchase

---

[1] The facts set-forth in this Opinion are taken from the parties' statements in their respective moving papers.

Agreement") on August 20, 2009, whereby Azco was to "design, engineer, manufacture, sell, and deliver to DDI a machine . . . that meets all of the specifications and performance requirements listed in Exhibit A [of the Purchase Agreement] . . . and that DDI finds satisfactory for its business purposes." (Compl., Exh. A at ¶ ¶ 1-2, May 14, 2012, ECF No. 1, Attachment 2).

Azco delivered the first machine to DDI and, upon inspection, DDI found the machine failed to meet the specifications contained in the Purchase Agreement. Specifically, DDI alleged that the machine could not cut diagnostic sheets into pieces of the size required by the Purchase Agreement. DDI provided Azco an opportunity to cure and, when no action was taken, DDI revoked acceptance of the machine and requested a return of the $137,976 it paid to Azco.

### B.   PROCEDURAL HISTORY

On May 14, 2012, Azco filed suit against DDI for payment under the contract in the United States District Court for the District of New Jersey ("New Jersey Action"). On June 8, 2012 DDI commenced an action against Azco in the General Court of Justice, Superior Court in North Carolina ("North Carolina Action"). On June 28, 2012, Azco filed a Notice of Removal, removing the North Carolina Action from state court to the United States District Court for the Western District of North Carolina, Charlotte Division and subsequently filed a Motion to Dismiss or, in the alternative, Motion to Transfer or Stay. On August 3, 2012, the Court in the North Carolina Action entered an Order which stayed that matter pending resolutions of the motion before the Court in the New Jersey Action.

## II.   **LEGAL STANDARD**

Federal Rule of Civil Procedure 12(b)(3) permits dismissal for improper venue.

FED.R.CIV.P. 12(b)(3.).  A defendant seeking dismissal under Rule 12(b)(3) bears the burden of showing that venue is improper. See Myers v. Am. Dental Ass'n, 695 F.2d 716, 724–25 (3d Cir.1982).  The Third Circuit has made clear that the purpose of the statute providing for proper venue is generally to "protect the defendant against the risk that a plaintiff will select an unfair or inconvenient place of trial." Cottman Transmission Sys., Inc. v. Martino, 36 F.3d 291, 294 (3d Cir.1994) (quoting LeRoy v. Great W. United Corp., 443 U.S. 173, 83–84 (1979)).

Even in circumstances where venue is proper, a matter may nonetheless be transferred pursuant to 28 U.S.C. § 1404.  Salovaara v. Jackson Nat'l. Life Ins. Co., 246 F.3d 289, 298 (3d Cir.2001).  A district court is permitted, "[f]or the convenience of the parties and witnesses, in the interest of justice, . . . [to] transfer any civil action to any other district or division where it might have been brought."  28 U.S.C. § 1404. In determining whether transfer of venue is proper, this Court must weigh private and public interests and concerns related to the administration of justice.

III.   **DISCUSSION**

The enforceability of a forum selection clause is determined as a matter of federal law. Jumara v. State Farm Ins., Co., 55 F.3d 873, 877 (3d Cir.1995).  Forum selection clauses are presumptively valid.  M/S Bremen v. Zapata Off–Shore Co., 407 U.S. 1, 10 (1972).  The Supreme Court has further explained that "a clause establishing ex ante the forum for dispute resolution has the salutary effect of dispelling any confusion about where suits arising from the contract must be brought and defended."  Carnival Cruise Lines, Inc., v. Shute, 499 U.S. 585, 593-94 (1991).  Such clauses will not be set aside unless the objecting party can establish that: "(1) the clause was procured as the result of fraud or overreaching; (2) enforcement would violate the strong public

3

policy of the forum; or (3) enforcement would, in the particular circumstances of the case, result in litigation in a jurisdiction so seriously inconvenient as to be unreasonable." Innovative Technology Distributors, LLC v. Oracle America, Inc., Civ. No. 11–1371, 2011 WL 1584297, at *4 (D.N.J. April 25, 2011) (citing Coastal Steel Corp. v. Tilghman Wheelabrator, Ltd., 709 F.2d 190, 202 (3d Cir. 1983), cert. denied, 464 U.S. 938 (1983) (citations omitted)). The party objecting to the enforcement of a forum selection clause bears the "heavy burden" of demonstrating why they should not be bound by their contractual choice of forum. Pemaguid Underwriting Brokerage, Inc. v. Mutual Holdings (Bermuda), Ltd., No. Civ. A. 02-4691, 2003 WL 2408990, at * 5 (D.N.J. June 3, 2003) (quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)).

This case involves a forum selection clause whereby the parties contracted at paragraph 14 of the Purchase Agreement ("Forum Selection Clause") that: "[a]ny action or proceeding relating to this agreement will be commenced and heard only in the state courts or the United States District Court of the party being sued." (See Complaint, Exh. A at ¶ 14). The party being sued in this action is DDI, a North Carolina corporation. Therefore, absent one of the three exceptions detailed above, the Forum Selection Clause would require the litigation to be commenced in a state or federal court in North Carolina. It seems clear none of the exceptions apply in the instant case. First, no evidence has been presented, nor did Azco allege in its complaint, that the Forum Selection Clause was a result of fraud. Secondly, there is no claim of unequal bargaining to support invalidation of the clause as violating New Jersey public policy. Finally, Azco is unable to make the showing of convenience necessary to overcome the presumption the Forum Selection Clause creates; considerations involving the convenience of witnesses or the interests of justice do not tip the

4

balance in favor of maintaining the action in this District.  See Jumara v. State Farm Ins. Co., 55 F. 3d 873, 882 (3d Cir. 1995).

Azco makes two arguments in rebutting the enforcement of the Forum Selection Clause: (1) that DDI waived its rights under the clause when DDI subsequently filed a suit against Azco in a North Carolina, rather than New Jersey where Azco is located and (2) that the first-filed rule applies to require venue in New Jersey.  The Court finds both of these arguments unpersuasive.  First, the instant action was filed on May 14, 2012; the North Carolina action was filed a month after that date and thus does not support an argument that DDI waived the Forum Selection Clause as to allow Azco to file suit against it in New Jersey. The Purchase Agreement contains a clearly worded designation of the forum in which disputes should be litigated and furthermore provides in section 14 that "[the] Agreement may only be modified by a written agreement, signed by both parties, expressly modifying the Agreement."  (See Complaint, Exh. A at ¶ 14, ECF No. 1, Attachment 2). Retroactively finding a waiver of the forum selection clause does not further the intent of the parties seemingly expressed upon the signing of the agreement, namely that resolution of matters arising from the Purchase Agreement were to be litigated in the forum of the party being sued.  Azco, as the party objecting to the enforcement of a Forum Selection Clause, bears the burden of demonstrating why they should not be bound by their contractual choice of forum.  See Pemaguid Underwriting Brokerage, Inc. v. Mutual Holdings (Bermuda), Ltd., No. Civ.A. 02-4691, 2003 WL 24089901, at *4 (D.N.J. June 3, 2003) (quoting Carnival Cruise Lines, Inc. v. Shute, 499 U.S. 585, 595 (1991)). Azco has failed to meet that burden here.

Furthermore, the first-filed rule, which Azco argues should be applied to mandate litigation

5

of the case in New Jersey.  The first-filed rule is meant encourage sound judicial administration yet District courts have always had discretion to exercise jurisdiction given appropriate circumstances which warrant departure from the rule.  <u>EEOC v. Univ. of Pa.</u>, 850 F.2d 969, 971-72 (3d Cir. 1988). However, the first-filed rule is "not a rigid or inflexible rule to be mechanically applied," but is subject to the court's discretion.  <u>Catanese v. Unilever</u>, 774 F. Supp. 2d 684, 688 (D. N.J. 2011) (internal quotations omitted); <u>see</u> <u>One World Botanicals Ltd. v. Gulf Coast Nutritionals, Inc.</u>, 987 F. Supp. 317, 326 (D.N.J 1997).  Compelling circumstances which warrant departure from the rule include an attempt by the party filing suit to engage in forum shopping.  <u>One World Botanicals Ltd.</u>, 987 F. Supp. at 329.  Azco is a New Jersey corporation with its principal place of business located in Fairfield, New Jersey.  (Aff. of Andrew Zucaro ¶ 3, August 21, 2012, ECF No. 10, Exh. 1).  It appears Azco perceives New Jersey, the state in which it is domiciled,  to be a more favorable locale to litigate this dispute, contrary to the provisions of the Forum Selection Clause contained in the Purchase Agreement.  However, the possibility of consolidation with related litigation, as well as the convenience of the party being sued, which the parties evidenced intent to honor in the Purchase Agreement, can favor transferring litigation to a jurisdiction other than the one in which the case is first filed.  <u>See</u> <u>Taidoc Technology Corporation v. Diagnostic Devices, Inc.</u>, Civ. No. 12–2457, 2012 WL 3627423, at *2 (E.D. Pa. August 13, 2012).  After consideration of these factors, and in exercise of its discretion, this Court finds the first-filed rule should not be applied here in contradiction of the express agreement made by the parties.

A determination of an appropriate venue involves a multi-factor balancing test, wherein a contractual forum selection clause carries substantial, although not dispositive, weight.  <u>See</u>  28

U.S.C. § 1404(a); <u>Jumara v. State Farm Ins. Co.</u>, 55 F. 3d 873, 882 (3d Cir. 1995).  However,

because the other factors cannot, even when combined, overcome the weight of the forum selection

clause, it is appropriate for this court grant DDI's Motion to Dismiss.

IV.    <u>CONCLUSION</u>

Based on the Forum Selection Clause contained in the Purchase Agreement signed by the

parties and Azco's failure to meet its burden as to why it should not be bound to that clause, this

Court finds that Defendant's Motion to Dismiss is **granted.**

Dennis M. Cavanaugh, U.S.D.J.

Date:       November ___, 2012
Original:   Clerk's Office
cc:         Hon. Joseph A. Dickson, U.S.M.J.
            All Counsel of Record
            File

7